# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| WHITNEY DESIGN, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:09-CV-555 CAS |
| | ) | |
| BAJER DESIGN & MARKETING, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This declaratory judgment matter is before the Court on defendant Bajer Design & Marketing, Inc.'s ("Bajer") Motion to Dismiss or in the Alternative to Stay. Plaintiff Whitney Design, Inc. ("WDI") opposes the motion and it is fully briefed. Bajer filed an action for patent infringement against WDI in the United States District Court for the Northern District of Illinois, Bajer Design and Marketing, Inc. v Whitney Design, Inc., No. 1:09-CV-1815 (the "Illinois case"), on March 23, 2009. WDI subsequently filed the instant declaratory judgment action in this Court on April 10, 2009. Bajer asserts that the two cases are parallel because they involve the same parties and the same issues, and under the "first-filed" rule, the Illinois action has priority and this case should be dismissed or stayed to avoid duplicative litigation. WDI has filed a motion to transfer the Illinois case to this Court pursuant to 28 U.S.C. § 1404(a), and that motion remains pending.

The Court will grant Bajer's alternative motion to stay this case, pending the decision of the United States District Court for the Northern District of Illinois as to whether to apply the first-filed rule in the Illinois case. "The well-established rule is that in cases of concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider the case." Anheuser-Busch, Inc. v.

Supreme Int'l Corp., 167 F.3d 417, 419 n.3 (8th Cir. 1999) (quotation marks and quoted case omitted).

The Court notes that in WDI's response to the motion to dismiss or stay, WDI argues that transfer of the Illinois case to this district is particularly appropriate because the listed inventor, Paul Ziglar, lives in Danville, Iowa, and this Court would have subpoena power over Mr. Ziglar. This assertion is factually incorrect. Danville, Iowa is over 200 miles from St. Louis, Missouri, where the Eastern Division of this Court is based. Although Danville, Iowa may be within 100 miles of Hannibal, Missouri, where the Northern Division of this Court is based, WDI's declaratory judgment action was filed in the Eastern Division, nor the Northern Division.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Bajer Design & Marketing, Inc.'s Motion to Dismiss or in the Alternative to Stay is **GRANTED** to the extent that this matter is **STAYED** pending a decision by the United States District Court for the Northern District of Illinois as to whether to apply the first-filed rule in the Illinois case. [Doc. 8]

**IT IS FURTHER ORDERED** that the parties shall notify the Court in writing within five (5) days of any relevant ruling by the United States District Court for the Northern District of Illinois.

                                              **CHARLES A. SHAW**
                                              **UNITED STATES DISTRICT JUDGE**

Dated this  19th  day of June, 2009.